# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAFAR MOHSENZADEH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., SUCCESSOR BY MERGER TO Chase Home Finance, LLC, a New York Corporation; NDEX WEST LLC, a California limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 14cv2340 BTM-DHB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

This Motion to Dismiss arises out of the foreclosure of Plaintiff Zafar Mohsenzadeh's mortgaged condominium and parcel located at 16907 New Rochelle Way, Unit. 86, San Diego CA 92127 ("the property") by Defendants JPMorgan Chase Bank, N.A. ("JPMC"), the mortgage servicer and beneficiary, and NDEX West LLC ("NDEX"), the foreclosure trustee.  For the reasons set forth below, the motion is GRANTED.

## I. BACKGROUND

According to the Complaint ("Compl."), Plaintiff executed a first

position mortgage and deed of trust with Defendant JPMC on October 22, 2006 (Compl. ¶ 8).  Having been adversely effected by the financial downturn in 2010, Plaintiff contacted JPMC and applied for a loan modification (Compl. ¶ 9).  Due to JPMC's alleged mishandling of Plaintiff's paper work, the process was delayed and on June 23, 2011, JPMC and NDEX recorded a Notice of Default against the property (Compl. ¶¶ 11-12).  On April 17, 2012, JPMC sent Plaintiff notice that he qualified for a loan modification if he complied with an accompanying Trial Period Plan ("TPP") setting out a 3-month payment schedule commencing on June 1, 2012 and ending August 1, 2012 (Compl. ¶¶ 14-15).  Plaintiff notified JPMC that he accepted the TPP's terms and made timely payments accordingly, which JPMC accepted (Compl. ¶¶ 19-21).  Plaintiff alleges that following his full performance under the TPP, JPMC evaded his inquiries regarding the next steps in securing the permanent loan modification and perpetually delayed its approval, thus failing to perform under the TPP.  On August 28, 2013, NDEX filed a Notice of Trustee's Sale scheduling a September 19, 2013 sale date, but JPMC then sent a notice dated September 23, 2013 informing Plaintiff that his loan modification application was still pending review (Compl. ¶¶ 29-31).  A trustee's sale of the property was again scheduled for August 25, 2014, the same day the present action was filed in the Superior Court of California, County of San Diego ("state court") (Compl. ¶ 27).  However, as of the action's removal to federal court, the parties' document filings do not confirm whether the property has in fact been foreclosed and sold through a trustee's sale.

## II. PROCEDURAL HISTORY

On August 22, 2012, Plaintiff filed a voluntary petition for Chapter 7 bankruptcy.  On November 20, 2012, the Bankruptcy Court issued an order

discharging Plaintiff as a debtor and closed the case on March 26, 2013. Though Plaintiff disclosed his interest in the property on his bankruptcy schedule, he failed to disclose facts supporting his foreclosure related claims against the Defendants arising from the alleged breach of the TPP. On September 19, 2013, Plaintiff, acting pro per, filed a complaint in state court ("First Action") raising six statutory claims arising out of Defendants' recording of a Notice of Default against the property on June 23, 2011, allegedly without complying with all of the requirements of California Civil Code ("Cal. Civ. Code") sections 2923.5 and 2924 et seq.  The state court dismissed the First Action with prejudice on June 10, 2014 as to JPMC and June 20, 2014 as to NDEX upon sustaining JPMC's demurrer.  On August 25, 2014, Plaintiff, now represented by counsel, filed the present action, again in state court ("Second Action").  On October 3, 2014, Defendants removed to this Court.

### III. ANALYSIS

Defendants move to dismiss the Second Action on grounds of: (1) res judicata; (2) the Rooker-Feldman doctrine; (3) judicial estoppel; and (4) Rule 12(b)(6) for failure to state claims of breach of contract, promissory estoppel, fraud under Cal. Civ. Code § 1572, and violations of §§ 2923.6(c), 2924.12, and California Business & Professions Code ("Cal. Bus. & Prof. Code") § 17200, et seq.  The Court finds that Plaintiff's present claims are precluded by the state court's dispositive ruling on the merits in the First Action and judicial estoppel as to the Bankruptcy Court's discharge order.  Therefore, the Court need not reach Defendants' remaining arguments.

The doctrine of res judicata, also known as claim preclusion, bars claims for relief where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.  TahoeSierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003).

It also applies to those claims which could have been litigated as part of the prior cause of action. See Clark v. Yosemite Cmty. Coll. Dist., 785 F.2d 781, 786 (9th Cir. 1986). A plaintiff "cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in his prior action or by pleading a new legal theory." McClain v. Apodaca, 793 F.2d 1031, 1034 (9th Cir. 1986).

**A. Identity of Claims**

Under The Full Faith and Credit Clause, codified in 28 U.S.C. § 1738, federal courts are required to give state court judgments the preclusive effect they would be given by another court of that state. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 84 (1984); Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004). California law holds that claims are identical if they deal with the same "primary right," and differ from the federal courts, which apply a "transactional nucleus of facts" test to determine what constitutes the same cause of action for claim preclusion purposes. Boeken v. Philip Morris USA, Inc., 48 Cal. 4th 788, 798 (2010); Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009).

Under the primary rights theory, "a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." City of Martinez v. Texaco Trading & Transp., Inc., 353 F.3d 758, 762 (9th Cir. 2003), citing Citizens for Open Access to Sand and Tide, Inc. v. Seadrift Ass'n, 71 Cal. Rptr. 2d 77, 86 (1998). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks

/ / /

/ / /

different forms of relief and/or adds new facts supporting recovery." <u>San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.</u>, 568 F.3d 725, 734 (9th Cir. 2009) (quoting <u>Eichman v. Fotomat Corp.</u>, 147 Cal. App. 3d 1170, 1174 (Ct. Appl. 1983)).

The claims raised in the First Action were brought under: (1) Cal. Civ. Code § 2923.5, et seq; (2) Cal Civ. Code § 2924 et seq; (3) Uniform Commercial Code §§ 3-309, 3-301, et seq; (4) Cal. Bus. & Prof. Code § 17200, et seq; (5) fraudulent deceit under Cal Civ. Code. § 1709, and; (6) Real Party Standing (Dkt. Nos. 4-3, 5 at p. 4).  The Second Action pleads: (1) breach of contract; (2) promissory estoppel; (3) actual fraud under Cal. Civ. Code § 1572; (4) violation of Cal. Civ. Code § 2923.6, et seq; (5) violation of Cal. Bus. & Prof. Code § 17200, et seq, and; (6) injunctive relief under Cal. Civ. Code § 2924.12.  The Court finds that the primary right implicated in the First and Second Actions is the same, which is the right to challenge a wrongful foreclosure.  Plaintiff is therefore barred from bringing the current complaint because it states a cause of action that was resolved in the First Action.

To illustrate, this case is distinct from <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1268-69 (9th Cir. 2009), where the Ninth Circuit Court of Appeals overturned the district court's res judicata ruling on grounds that the federal action was not barred by a preceding state court decision since the claims in each involved different causes of action under the primary rights theory.  The state court first denied the prisoner-plaintiff's habeas petition challenging the warden's practice of allowing the prison appeals coordinator to review complaints against himself.  The plaintiff then filed a federal action against the appeals coordinator on First Amendment grounds.  The court found the two causes of action to be different because the initial state action pled a lack of meaningful review of grievances while the federal action alleged

retaliatory chilling of speech rights. The harms in each action were distinct, caused at different times, by different acts and by different actors. Id. at 1269.

Plaintiff refutes the application of res judicata by relying on the California Supreme Court's decision in City of Los Angeles v. City of San Fernando, which states:

> "[w]here a *question of law* essential to the judgment is actually litigated and determined by a valid and final personal judgment, the determination is not conclusive between the parties in a subsequent action on a different cause of action, except where both causes of action arose out of the same subject matter or transaction; *and in any event it is not conclusive if injustice would result*."

14 Cal. 3d 199, 230 (1975) (citing Restatement of Judgments § 70)(italics in original), disapproved on other grounds by City of Barstow v. Mojave Water Agency, 23 Cal. 4th 1224 (2000).

It is undisputed that the First and Second Actions arose out of the same subject matter or transaction, specifically the mortgage of the property and its foreclosure by Defendants. However, Plaintiff claims that it would be unjust to estop him from bringing his contractual claims against Defendants because JPMC intentionally delayed performing its obligation to approve Plaintiff's permanent loan modification and strung Plaintiff along to later avail itself of res judicata (Dkt. No. 5, at p. 5). Plaintiff also argues that the First Action was resolved on questions of law on unrelated causes of action and that the current claims could not have been previously raised (Dkt. No. 5, at p. 5). The Court finds these arguments unpersuasive. First, the timeline supports the conclusion that even if Plaintiff did not consider JPMC in breach of the TPP until after filing the First Action on September 19, 2013, and receiving JPMC's September 23, 2013 notification that Plaintiff's loan modification application remained pending review, Plaintiff was not precluded from later adding the new contractual claims in the First Action. After September 23, 2013, Plaintiff could still have petitioned the state court

to amend his complaint before it issued a tentative ruling on Defendants' demurrer on May 8, 2014, and a later order sustaining the demurrer and dismissing the matter with prejudice on June 10 and June 20, 2014.

Additionally, Plaintiff's assertion that his breach of contract and associated promissory estoppel and fraud claims ripened only after he filed the First Action is mistaken. Any breach of contract and related claims arising out the TPP had accrued prior to June 10, 2014, since JPMC had failed to effectuate a permanent loan modification within a month of the end of Plaintiff's successful completion of the trial period on August 1, 2012. See West v. JPMorgan Chase Bank, N.A., 214 Cal. App 4th 780, 797 (2013) (discussing U.S. Department of the Treasury Home Affordable Mortgage Program Supplemental Directive 09–01 (Apr. 6, 2009) establishing a time line for loan modification agreement implementation following a trial period). Therefore, Plaintiff could have raised all six of his current contract-based claims during the pendency of his bankruptcy and in the First Action.

Lastly, the "injustice" exception mentioned in Los Angeles v. San Fernando does not apply to the facts of this case because it has been limited to matters of public interest. See 14 Cal. 3d at 230. For instance, issue preclusion was found unjust where it would result in the inequitable administration of the laws by a governmental body upon third-parties similarly situated to the litigant, see Rutherford v. State of California, 188 Cal. App. 3d 1267, 1284 (1987), and where patently erroneous conclusions of law would be given estoppel effect, see Cochran v. Union Lumber Company, 26 Cal. App. 3d 423, 427 (1972). Such issues are absent here.

/ / /

/ / /

/ / /

/ / /

In this case, the same plaintiff, Mr. Mohsenzadeh, is seeking redress for the same primary right as in the First Action, which is to avoid a wrongful or procedurally deficient foreclosure.  The fact that the First Action did not mention the pending loan modification does not change the finding that Plaintiff's claims in both actions are grounded in the same alleged injury of wrongful foreclosure and economic harm caused by the same defendants' wrongful acts in improperly foreclosing on the property, thus implicating the same primary right.  See Eichman v. Fotomat Corp., 147 Cal. App. 3d at 1175.  Indeed, Plaintiff's prayer for relief in the Second Action includes an injunction against foreclosure of the property, and therefore requests a remedy for the same primary right previously litigated (Dkt. No. 1-1, at p. 28).  Furthermore, the fact that Plaintiff raises new theories of recovery based on breach of contract, promissory estoppel, fraud and statutory violations in the Second Action is irrelevant for purposes of claim preclusion.  See Rodriguez v. Bank of New York Mellon, 2014 WL 229274, at *6 (S.D. Cal. Jan. 17, 2014).  Plaintiff's aim in bringing both actions is to obtain relief for the allegedly wrongful foreclosure of the same property.  The Court finds that Plaintiff's new claims arise from the same foreclosure process as the First Action and therefore arise out of the same primary right as the previously litigated claims.

**B. Final Judgment on the Merits**

The state court dismissed the First Action with prejudice upon sustaining Defendants' demurrer to Plaintiff's first amended complaint.  A general demurrer has been held to be a judgment on the merits for purposes of res judicata and collateral estoppel in California state and federal courts.  See Edmonson v. City of Martinez, 2000 WL 1639492, at *4 (N.D. Cal. Oct. 27, 2000) aff'd, 17 Fed. Appx. 678 (9th Cir. 2001); McKinney v. County of Santa Clara, 110 Cal. App. 3d 787, 794 (1980).  Therefore, a final judgment

on the merits was already rendered on the claims Plaintiff seeks to bring in the Second Action.

## C. Identity of Parties

Plaintiff and Defendants do not dispute that the parties are identical in both proceedings. Thus, the third element of res judicata is satisfied.

To the extent Plaintiff's claims are based on the foreclosure of the property, Plaintiff's claims are barred by the doctrine of res judicata.

## D. Judicial Estoppel

Plaintiff's bankruptcy proceeding lasted between August 22, 2012 and March 26, 2013 (Dkt. No. 4-3). Meanwhile, the alleged breach of contract and related claims had ripened within a month of August 1, 2012. Thus, Plaintiff was on notice of a potential claim against Defendants arising from his interest in the property and the TPP prior to the close of his bankruptcy. Because he failed to disclose these potential claims as an asset on his Chapter 7 bankruptcy schedules, or otherwise disclose them to the Bankruptcy Court, Plaintiff is judicially estopped from bringing this action. See Hay v. First Interstate Bank of Kalispell, N.A., 978 F. 2d 555, 557 (9th Cir. 1992).

## IV. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is **GRANTED**. For the reasons stated above, Plaintiff's complaint is **DISMISSED** as to both Defendants with prejudice. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: March 25, 2015

BARRY TED MOSKOWITZ, Chief Judge
United States District Court